UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY EDWARDS,

    Plaintiff,

-vs-

ALTARUM INSTITUTE,
a Domestic Non-Profit
Corporation,

    Defendant.

Case No. 16-cv-

Hon.
Mag.

---

Barry S. Fagan (P34275)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
bfagan@faganlawpc.com

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

NOW COMES Plaintiff, BEVERLY EDWARDS, by and through her attorneys, FAGAN MCMANUS, P.C., and for her cause of action against the Defendant states as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff, BEVERLY EDWARDS, is an individual residing in the City of Pontiac, County of Oakland, State of Michigan.

1

2. Defendant, ALTARUM INSTITUTE, is a Domestic Non-Profit Corporation and at all times pertinent hereto did conduct business in the City of Ann Arbor, County of Washtenaw, State of Michigan.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 (supplemental).

4. The amount in controversy is in excess of $75,000.00, exclusive of interest, costs, attorney fees, and punitive damages.

## GENERAL ALLEGATIONS

5. Plaintiff is an African American female with a date of birth of November 6, 1963.

6. Plaintiff commenced her employment with Defendant on August 4, 2015 as an Oral Health Implementation Specialist.

7. Plaintiff's job responsibilities included recruiting and training physicians to perform preventative oral health services.

8. After being hired, Plaintiff reported to Technical Team Lead, Rachel Putnam-Farley (hereinafter "Putnam-Farley").

9. Plaintiff was the only African-American employee on Putnam-Farley's team.

10. After Plaintiff began her employment, she noticed a difference in the manner in which Putnam-Farley was treating her compared to her

comparable non African-American and younger employees.

11. Part of Plaintiff's job responsibility was to recruit physicians from various health systems.

12. Plaintiff had previously worked for Henry Ford Health Systems as a Dental Program Coordinator and had contacts there that she felt would be beneficial to obtaining new business.

13. Initially, Putnam-Farley refused to allow Plaintiff to call on physicians from Henry Ford Health Systems.

14. In addition, Putnam-Farley cancelled scheduled meetings or missed meetings scheduled with Plaintiff; allowed certain employees to work from home remotely, but not Plaintiff; had newly hired employees train with an experienced colleague, but did not do so for Plaintiff; told Plaintiff that she was not required to attend training at the University of Michigan as she had previously done so, and then after not attending the training, chastised Plaintiff for not attending; questioned Plaintiff's co-workers regarding how Plaintiff was performing; and engaging in various other acts of disparate treatment toward Plaintiff.

15. As a result of the disparate treatment that Plaintiff was being subjected to, she contacted Human Resources and on December 16, 2015 made a complaint to the Vice President of Human Resources, Terry Owens

(hereinafter "Owens"), regarding the manner in which she was being treated by Putnam-Farley.

16. Plaintiff advised Owens that she felt that Putnam-Farley was unfairly singling her out and treating her differently than her co-workers, including that her co-workers were allowed to work remotely, to recruit health systems, and to shadow each other at times when Plaintiff was not permitted to.

17. Plaintiff further advised Owens that she was in a protected class and that she felt that she was being discriminated against. Plaintiff told Owens that she is the only African-American employee in the Department and that she felt that Putnam-Farley was singling her out. Plaintiff also indicated that she was concerned about losing her job and that she could not afford to lose her job at her age and was a single mother with a daughter in medical school.

18. In response, Owens indicated that he would speak to the Director of the Department, Anya Day, and Vice President, Dan Armijo, regarding the situation.

19. Subsequently, Plaintiff was permitted to recruit physicians from Henry Ford Health Systems and also successfully recruited physicians from St. John's Health System and St. Joseph Mercy Hospital.

20. Plaintiff was also successful in signing up numerous providers to participate in a new grant funded position.

21. Notwithstanding Plaintiff's strong performance, Plaintiff received a Performance Evaluation that included many evaluator ratings indicating that she was "in development" or "needs improvement" which was inconsistent with Plaintiff's performance during this time period. The evaluator was Putnam-Farley and the evaluation was signed by Anya Day.

22. After receiving the Performance Evaluation, Plaintiff applied to transfer to a different program within Defendant, but never received a response.

23. Plaintiff also learned that younger and/or non African American counter-parts were paid more money than Plaintiff although Plaintiff had more experience and had a Master's Degree.

24. On May 2, 2016 Plaintiff was called to a meeting with Anya Day, Owens, and Putnam-Farley and advised that she was being terminated. When Plaintiff asked for the reason for her termination, Anya Day indicated that they could not disclose the reason at that time.

25. During Plaintiff's tenure of employment, Defendant engaged in a pattern of terminating employees over the age of 50 and replacing them with younger employees.

## COUNT I
## VIOLATION OF 42. U.S.C. §1981

26.  Plaintiff incorporates paragraphs 1 through 25 above as if specifically repeated herein.

27.  42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, prohibits discrimination against and employee based upon race.

28.  Notwithstanding the duties owed to Plaintiff pursuant to 42 U.S.C. §1981, Defendant discriminated against Plaintiff and took adverse action toward her because of her race, including, but not limited to:

   a.  Treating her differently than her non African-American co-workers;

   b.  Paying her less money than her non African-American co-workers;

   c.  Terminating her employment on May 2, 2016;

   d.  Other acts of racial discrimination to be determined through discovery.

29.  It is a violation of 42 U.S.C. §1981 to retaliate or discriminate against an employee because the employee has opposed racial discrimination in the workplace.

30.  Plaintiff submitted a complaint of racial discrimination to the Vice President of Human Resources, Terry Owens, on December 16, 2015.

31. Such complaint to Owens constitutes protected activity and Plaintiff was protected from retaliation by Defendant for registering such complaint.

32. Defendant retaliated against Plaintiff for engaging in such protected activity by giving Plaintiff a poor performance appraisal and subsequently terminating Plaintiff's employment on May 2, 2016.

33. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct toward Plaintiff, Plaintiff has suffered and will in the future suffer damages including, but not limited to:

    a. Loss of wages and earning potential;

    b. Loss of employee benefits;

    c. Loss of promotional opportunities;

    d. Loss of professional esteem and consequent damage to Plaintiff's professional career;

    e. Extreme embarrassment, humiliation, inconvenience, mental anguish, indignity, outrage and disappointment;

    f. Other damages to be determined.

34. The above-referenced discriminatory and retaliatory conduct by Defendant toward Plaintiff was malicious and/or engaged in with reckless indifference to Plaintiff's federally protected civil rights and, as a result, Plaintiff is entitled to punitive damages.

35. Plaintiff also seeks equitable relief, including back-pay, front-pay, and other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays for Judgment against Defendant, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, punitive damages, and attorney fees. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

## COUNT II
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

36. Plaintiff incorporates paragraphs 1 through 35 above as if specifically repeated herein.

37. Defendant is an employer within the meaning of the Elliott-Larsen Civil Rights Act (hereinafter referred to as the "ELCRA").

38. The ELCRA prohibits, among other things, discrimination based upon race and age.

39. Notwithstanding the duties owed to Plaintiff pursuant to the ELCRA, Defendant discriminated against Plaintiff and took adverse action toward her because of her race and/or age including, but not limited to:

   a. Treating her differently than her non African-American and younger co-workers;

8

      b.      Paying her less money than her non African-American and younger co-workers;

      c.      Terminating her employment on May 2, 2016;

      d.      Engaging in a pattern of terminating older workers;

      e.      Other acts of race and/or age discrimination to be determined through discovery.

40. Pursuant to MCL 37.2701(a) it is a violation of the ELCRA to retaliate or discriminate against an employee that has opposed race discrimination in the workplace

41. Plaintiff submitted a complaint of race discrimination to the Vice President of Human Resources, Terry Owens, on December 16, 2015.

42. Such complaint to Owens constitutes protected activity and Plaintiff was protected from retaliation by Defendant for registering such complaint.

43. Defendant retaliated against Plaintiff for engaging in such protected activity by giving Plaintiff a poor performance appraisal and subsequently terminating Plaintiff's employment on May 2, 2016.

44. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct toward Plaintiff, Plaintiff has suffered and will in the future suffer damages including, but not limited to:

      a.      Loss of wages and earning potential;

      b.      Loss of employee benefits;

      c.      Loss of promotional opportunities;

      d.      Loss of professional esteem and consequent damage to Plaintiff's professional career;

      e.      Extreme embarrassment, humiliation, inconvenience, mental anguish, indignity, outrage and disappointment;

      f.      Exemplary damages;

      g.      Other damages to be determined.

45. Plaintiff also seeks equitable relief, including back-pay, front-pay, and other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays for Judgment against Defendant, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, and attorney fees. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

FAGAN MCMANUS, P.C.

By: /s/ *Barry S. Fagan*
Barry S. Fagan  (P34275)
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@faganlawpc.com

Dated:  October 26, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY EDWARDS,

    Plaintiff,    Case No. 16-cv-

-vs-

                                Hon.
ALTARUM INSTITUTE,     Mag.
a Michigan Domestic Non-
Profit Corporation,

    Defendant.

---

Barry S. Fagan  (P34275)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@faganlawpc.com

---

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, by and through her attorneys, FAGAN MCMANUS, P.C., and hereby demands trial by jury on the above matter.

                                          FAGAN MCMANUS, P.C.

                                          By: /s/ *Barry S. Fagan*
                                              Barry S. Fagan  (P34275)
                                              Attorney for Plaintiff
                                              25892 Woodward Avenue
                                              Royal Oak, MI  48067-0910
                                              (248) 542-6300
Dated:  October 26, 2016             bfagan@faganlawpc.com